*Caro v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-two.

PRESENT:

> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> COLLEEN MCMAHON,
> *District Judge*.[*]

───────────────────────────────────

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                                                  No. 21-1744

JAMES CARO, JR., a.k.a. BEBO,

        *Defendant-Appellant*.[†]

───────────────────────────────────

---

[*] Judge Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Defendant-Appellant: Marsha R. Taubenhaus, New York, NY.

For Appellee: Nathanael T. Burris, Gregory L. Waples, Assistant United States Attorneys, *for* Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

James Caro appeals from a judgment entered by the district court following his guilty plea to charges of conspiracy to distribute heroin, fentanyl, and cocaine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), 841(b)(1)(B), and 846, and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A). The district court sentenced Caro to two consecutive fifty-month terms of imprisonment, to be followed by a five-year term of supervised release. On appeal, Caro contends that his guilty plea should be vacated because it was not knowing and voluntary and was not supported by an

2

adequate factual basis. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Before a district court may accept a defendant's guilty plea, Rule 11 of the Federal Rules of Criminal Procedure requires the court to determine that the defendant understands "the nature of each charge to which [he] is pleading." Fed. R. Crim. P. 11(b)(1)(G). While the "defendant's mental status is central" to that determination, "neither Rule 11 nor common sense dictates any particular mode of inquiry," since the district court is in "the best position to decide whether the facts and circumstances of the case, or the defendant's demeanor in the courtroom, suggest the need for a deeper-than-usual inquiry into the defendant's mental condition." *United States v. Pattee*, 820 F.3d 496, 508 (2d. Cir. 2016). Instead, the "voluntariness of a guilty plea is reviewed by examining the totality of the relevant circumstances." *Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006). When – as here – a defendant failed to object to an alleged Rule 11 violation in the district court, reversal of his conviction is appropriate only if he can "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity[,]

or public reputation of judicial proceedings." *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (internal quotation marks omitted).

Here, the district court's conclusion that Caro entered his guilty plea knowingly and voluntarily is supported by the record of the plea proceeding. In response to inquiries from the district court, Caro indicated that he had reviewed the charges against him and his potential defenses with his counsel; had no difficulty speaking, reading, or understanding the English language; understood "what's going on" during the plea proceeding, J. App'x at 26; was not under the influence of any drug, medication, or alcoholic beverage; and had not been threatened, pressured, or coerced into entering the guilty plea.

On appeal, Caro's main contention is that the district court should have "inquire[d] further" after Caro stated that he felt "airy" and "spacey" and made an alleged mistake during the colloquy – claiming that he was not currently in treatment for his drug and mental-health issues, even though he was receiving weekly counseling. Caro's Br. at 17. But the district court did, in fact, make further inquiry on each of these points. With respect to Caro's statements that he felt "spacey" when he went to court, Caro's counsel chalked this up to "nervous[ness]." J. App'x at 26. And after Caro noted that he felt "airy," the

4

district court inquired whether he was having a hard time hearing. *Id.* Caro assured the district court that he "underst[ood] what's going on" and that it just "takes [him] a second to register." *Id.* As for Caro's alleged mistake about whether he was still receiving drug treatment, defense counsel clarified that Caro had "graduated from" intensive outpatient treatment and that he was now limited to "once-a-week counseling." *Id.* at 25. The district court then confirmed that she had "covered all of [Caro's] treatment for mental illness or addiction to a narcotic drug of any kind," *id.* at 26, and told Caro to "interrupt" or "[c]orrect" her if Caro did not understand anything or she misunderstood him, *id*. The district court also asked Caro whether he had "taken any drugs, medicines, or pills[,] or drank any alcoholic beverage in the past 24 hours," and whether there was "anything interfering with [his] mental processes, [his] decision-making, or [his] judgment," to which Caro answered "[n]o." *Id.* at 27. The district court then confirmed with the government and defense counsel that neither of them "ha[d] any doubt as to [Caro's] competence to enter a valid plea." *Id.* Based on this record, we cannot find that the district court plainly erred in concluding that Caro's plea was entered knowingly or voluntarily.

Caro next argues that his guilty plea to the firearm charge should be vacated because there was insufficient factual basis for finding a nexus between the pistol found in his bedroom and the underlying drug-trafficking offense. Again, we disagree.

Before accepting a defendant's guilty plea, the district court "must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). To make this determination, the district court need not analyze the evidence to "assess whether it is even more likely than not that the defendant is guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d. Cir. 1997). Rather, Rule 11 simply requires the court to establish "that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *Id.*; *see also Pattee*, 820 F.3d at 509 ("Even a reading of the indictment to the defendant coupled with his admission of the acts described in it may provide a sufficient factual basis for a guilty plea where the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal." (internal quotation marks omitted)).

Here, Caro admitted to conduct that was in fact an offense under section 924(c)(1)(A), which requires a "nexus" between the charged firearm and

6

the underlying drug-trafficking offense. *United States v. Snow*, 462 F.3d 55, 62 (2d Cir. 2006). To determine whether such a nexus exists, courts consider various factors, including "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* at 62 n.6. The ultimate question is whether the possession of the firearm "afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking." *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005); *see Snow*, 462 F.3d at 63 (finding that defendant's possession of a "loaded handgun[] . . . in the bedroom of [his] apartment where drugs were . . . stored for sale" was sufficient to support his section 924(c) conviction).

In this case, the government stated during the plea proceeding that approximately 3,700 bags of fentanyl and four firearms were found in Caro's residence; that one of the firearms found – a loaded 9-millimeter semiautomatic pistol – was in Caro's bedroom next to his bed; that Caro distributed the drugs from his residence; and that Caro possessed the pistol in his bedroom to protect his drug supply and proceeds. When the district court asked Caro whether the

7

government recited the facts accurately, Caro responded: "Yes. Yes." J. App'x at 41. Despite having admitted to conduct that satisfies the nexus requirement under section 924(c)(1)(A), *see Snow*, 462 F.3d 55, 62–63 ("[A] drug dealer may be punished under [section] 924(c)(1)(A) where the charged weapon is readily accessible to protect drugs, drug proceeds, or the drug dealer himself."), Caro now attempts to challenge the validity of his guilty plea by pointing out a purported inconsistency between his admission and his post-arrest statement that he used the pistol to protect his family. But Caro's post-arrest statements – which were not made under oath and may well have been false – are irrelevant with respect to a Rule 11 colloquy. *See United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008) (stating that "[a] defendant's bald statements" that "contradict what he said at his plea allocution" are insufficient to disturb his guilty plea (internal quotation marks omitted)); *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (clarifying that "self-serving" and "contradictory" statements do not defeat the "strong presumption" of veracity accorded to a defendant's admission of guilt under oath). Moreover, the fact that Caro may have also used the pistol to protect his family is simply immaterial, as "a gun may be possessed for multiple purposes," and "possession for personal protection does not preclude possession in

8

furtherance of a drug[-]trafficking offense." *Lewter*, 402 F.3d at 323. Therefore, in light of the overall record of the plea proceeding and – in particular – Caro's admission that he possessed the pistol in his bedroom to "protect[] his drug supply and proceeds," J. App'x at 41, we cannot find that there was an inadequate factual basis to support Caro's guilty plea to the firearm charge.

We have considered all of Caro's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9